## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JULIO CESAR HERNANDEZ         *
6005 Eastern Avenue, Apt. 8       *
Hyattsville, MD 20011            *
     *
ELDER OBDULIO DIAZ RAMIREZ    *
6005 Eastern Avenue, Apt. 8       *
Hyattsville, MD 20011           *
     *
    PLAINTIFFS,          *
     *
    v.                  *      Case No.:   17-1823
     *
SAKURA TERIYAKI CORNER, INC.    *
6843 New Hampshire Avenue      *
Takoma Park, MD 20912          *
     *
    SERVE:              *
    XU QIU LIN           *
    3845 Eaves Lane        *
    Bowie, MD 20716        *
     *
XU QIU LIN                  *
3845 Eaves Lane            *
Bowie, MD 20716           *
     *
YU QUAN CHEN           *
3845 Eaves Lane            *
Bowie, MD 20716           *
     *
-and-                     *
     *
PANDA OF D.C., INC.         *
1807 West Virginia Avenue NE      *
Washington, DC 20002          *
     *
    SERVE:              *
    FENG CHEN          *
    407 Rhode Island Avenue NE    *
    Washington, DC 20002       *
     *
    DEFENDANTS.         *
**************************************************************************

## COMPLAINT

Plaintiffs Julio Cesar Hernandez ("Hernandez") and Elder Obdulio Diaz Ramirez ("Diaz"), by and through undersigned counsel, hereby submit this Complaint against Sakura Teriyaki Corner, Inc. ("Sakura"), Xu Qiu Lin ("Lin"), Yu Quan Chen ("Chen"), and Panda Of D.C., Inc. ("Panda") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* (hereinafter "MWHL"), the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq.* as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiffs are adult residents of the State of Maryland.  By participating as the named Plaintiffs in this action, Plaintiffs consent to prosecute their claims against Defendants under the FLSA.

2.      Defendant Sakura is a corporation formed under the laws of the State of Maryland and does business in the State of Maryland.

3.      Defendant Panda is a corporation formed under the laws of the District of Columbia and does business in the District of Columbia.

4.      Defendants Lin and Chen are adult residents of the state of Maryland, own and operate Sakura.

5.      Defendant Lin formerly owned and operated Panda.

6.      Julio Cesar Hernandez was employed by Defendants to work in the kitchen of Sakura.  Plaintiff worked in the State of Maryland as a cook and performing related duties.

7.      Elder Obdulio Diaz Ramirez was employed by Defendants to work in the kitchens

of Sakura and Panda performing food prep and related duties. Plaintiff worked in the State of Maryland for Sakura and in the District of Columbia for Panda.

8.      When Defendants sold Panda and opened Sakura, they transferred Plaintiff Diaz' employment from Panda to Sakura.

9.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10.     On Information and belief, at all times material herein, Defendant Sakura had an annual gross income of more than $400,000.00.

11.     At all times during Plaintiffs' employment, Plaintiffs were employees who, while engaged in employment duties, handled, and otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiffs were individual employees who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

12.     Pursuant to the foregoing, at all times, Defendants were Plaintiff's "employers" for the purposes of the FLSA, DCMWA, MWHL, and MWPCL.

13.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

14.     Defendants are subject to the DCMWA because while working for Panda, Plaintiff Diaz spent more than 50% of his time working in the District of Columbia.

3

## FACTS

15.     Throughout Plaintiffs' employment, Defendants:

    a.   Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

    b.   Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

    c.   Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

    d.   Set and determined or had the power to set and determine Plaintiffs' rates and methods of pay; and

    e.   Controlled and were in charge of Plaintiffs' day-to-day duties and responsibilities.

16.     Julio Cesar Hernandez worked for Defendants at Sakura from roughly January 2017 until roughly July 2017.  Defendants paid Plaintiff Hernandez a salary of between roughly $85.00 and roughly $100.00 per day, regardless of how many hours he worked in a week.

17.     Elder Obdulio Diaz Ramirez worked for Defendants at Sakura and Panda from roughly November 2011 until roughly July 2017.  Defendants paid Plaintiff Diaz a salary between roughly $420.00 to roughly $485.00 per week, regardless of the number of hours he worked.

18.     Plaintiffs worked more than forty (40) hours per week in virtually every week.

19.     Plaintiffs' primary work duties did not qualify for any exemption under the FLSA, DCMWA, MWHL, or MWPCL.

20.     Defendants failed to pay Plaintiffs the minimum wage under the laws of the State of Maryland, the District of Columbia, and Montgomery County, Maryland.

21.     Defendants failed to pay Plaintiffs at one-and-one-half times (1.5x) their hourly rate for hours worked over forty (40).

4

22.     Plaintiffs worked for Defendants for more than fifty (50) hours per week.

23.     Defendants failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA, DCMWA, MWHL, MWPCL, and MCMWA, including minimum wage, overtime at one-and-one-half times (1.5x) their regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Overtime)**

24.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

25.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

26.     At all times, Plaintiffs were "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

27.     Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours Plaintiffs worked.

28.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours each week of their employment.

29.     As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours they worked.

30.     Defendants' failure and refusal to pay Plaintiffs as required by the FLSA was

willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime and Minimum Wage)

31.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

32.     Plaintiff Diaz was Defendants' "employee," and Defendants were Plaintiff Diaz' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

33.     Defendants, as Plaintiff Diaz' employers under the DCMWA, were obligated to compensate Plaintiff Diaz at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

34.     Under the DCMWA, the minimum wage rate is: (1) for the 12-month period beginning July 1, 2014, $9.50 per hour; (2) for the 12-month period beginning July 1, 2015, $10.50 per hour; (3) for the 12-month period beginning July 1, 2016, $11.50 per hour; and (4) for the 12-month period beginning July 1, 2017, $12.50 per hour.

35.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff Diaz to work many overtime hours during Plaintiff Diaz' employment.

36.     As set forth above, Defendants failed and refused to pay Plaintiff Diaz one-and-one-half times (1.5x) his regular rate for all the overtime hours he worked.  Plaintiff Diaz' regular rate fell below minimum wage.

37.     Defendants' failure and refusal to pay Plaintiff Diaz as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff Diaz under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

**COUNT III**
**Violation of Maryland Wage and Hour Law**
**(Overtime and Minimum Wage)**

38.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

39.     Plaintiffs were "employees" and Defendants were "employers" within the meaning of the MWHL. As Plaintiffs' "employers," Defendants were obligated to pay Plaintiffs overtime compensation under § 3-415 and § 3-420 of the MWHL. These sections require Defendants to compensate Plaintiffs at the rate of one-and-one-half times (1.5x) their regular hourly rate ("overtime rate") for all hours worked per week in excess of forty (40) ("overtime hours").

40.     Under the MWHL, "each employer shall pay: (1) to each employee who is subject to both the federal Act and this subtitle, at least the greater of: (i) the minimum wage for that employee under the federal Act; or (ii) the State minimum wage rate set under subsection (c) of this section. Md. LABOR AND EMPLOYMENT Code Ann. § 3-413 (b). Furthermore, "[t]he State minimum wage rate is: (1) for the 6-month period beginning January 1, 2015, $8.00 per hour; (2) for the 12-month period beginning July 1, 2015, $ 8.25 per hour; (3) for the 12-month period beginning July 1, 2016, $8.75 per hour; (4) for the 12-month period beginning July 1, 2017, $9.25 per hour;" Md. LABOR AND EMPLOYMENT Code Ann. § 3-413.

7

41.     Defendants were obligated to compensate Plaintiffs for all hours worked at an hourly rate not less than the minimum wage set forth above.

42.     As set forth above, Defendants paid Plaintiffs a fixed salary regardless of the number of hours they worked.  Plaintiffs' regular rate fell below the state minimum wage.

43.     At all relevant times, Defendants had knowledge that Plaintiffs worked more than forty (40) hours per week.  Alternatively, Defendants suffered or permitted Plaintiffs to work more than forty (40) hours per week.

44.     Defendants, as Plaintiffs' "employers," were obligated to compensate Plaintiffs at their overtime rate for all the overtime hours Plaintiffs worked in each week.

45.     As discussed *supra*, Defendants had actual or constructive knowledge of all hours Plaintiffs worked, including overtime hours.  Nevertheless, Defendants willingly and knowingly paid Plaintiffs a straight time rate for overtime hours instead of the overtime rate as required under the MWHL.

WHEREFORE, Defendants are liable to Plaintiffs under Count III for all unpaid wages in such amounts as will be proven at trial, plus an equal amount as liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
### Violation of Maryland Wage Payment Collection Law
### and Montgomery County Minimum Wage Law
### (Unpaid Wages)

46.     Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

47.     Plaintiffs were Defendants' "employees" pursuant to § 3-501 and § 3-502 of the MWPCL.

48.     Defendants were Plaintiffs' "employers" pursuant to § 3-501 and § 3-502 of the MWPCL.

49.     Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the MCMWA. As Plaintiffs "employers," Defendants were obligated to pay Plaintiffs the applicable minimum wage pursuant to § 27-68 of the MCMWA.

50.     The applicable minimum wage in Montgomery County during Plaintiffs' employments were: (1) for the period beginning October 1, 2014 and ending September 30, 2015, $ 8.40 per hour; (2) for the period beginning October 1, 2015 and ending June 30, 2016, $9.55 per hour; (3) for the period beginning July 1, 2016 and ending June 30, 2017, $10.75 per hour; and (4) for the period beginning July 1, 2017, $11.50 per hour.

51.     As set forth above, Defendants paid Plaintiffs below the Montgomery County minimum wage requirement.

52.     Plaintiffs performed duties that do not fall under any exemption to the MCMWA.

53.     As Plaintiffs' "employers," Defendants were obligated to pay Plaintiffs all wages due for the work they performed, including their minimum wages and overtime wages.

54.     As detailed above, Defendants failed to compensate Plaintiffs for minimum wages and overtime wages owed.

55.     Defendants' failure and refusal to pay minimum wages and overtime wages due to Plaintiffs were not the result of any bona fide dispute.

WHEREFORE, Defendants are liable to Plaintiffs under Count IV for three times (3x) the amount of all unpaid wages that Defendants failed to pay Plaintiffs, for attorney's fees, costs, and expenses of this action incurred as a result of Defendants' failure to pay Plaintiffs what was legally owed to them, and for such other legal and equitable relief from Defendants' unlawful and willful

conduct as the Court deems proper.

Respectfully submitted,

Michael K. Amster, Bar ID: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave. Suite 400
Silver Spring, MD 20910
(301) 587-9373 (ph)
(240) 428-9142 (fax)
mamster@zagfirm.com

*Counsel for Plaintiffs*